**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210209-U

Order filed December 1, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0209 Circuit No. 19-DT-84 |
| | ) | |
| CASSANDRA S. BAUGHMAN, | ) ) | Honorable Victoria R. Breslan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Presiding Justice O'Brien and Justice Hettel concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The evidence was sufficient to prove defendant guilty of driving while under the influence. The circuit court did not abuse its discretion when it ordered defendant to not possess a firearm or dangerous weapon as a condition of her conditional discharge.

¶ 2     Defendant, Cassandra S. Baughman, appeals her conviction for driving while under the influence of drugs (DUI/drugs), arguing that the State failed to prove her guilty beyond a reasonable doubt. Defendant also argues the circuit court of Will County abused its discretion by

prohibiting her from possessing a firearm or dangerous weapon as a condition of her conditional discharge. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4        Defendant received a citation for DUI (625 ILCS 5/11-501(a)(5) (West 2018)), and the State subsequently filed a superseding complaint alleging three counts of DUI. The three counts consisted of DUI/alcohol (*id.* § 11-501(a)(2)), DUI/drugs (*id.* § 11-501(a)(4)), and DUI/drugs and alcohol (*id.* § 11-501(a)(5)). Defendant proceeded to a bench trial.

¶ 5        At trial, the State first called Officer Richard Elza, who testified that he responded as backup to a traffic stop where he encountered defendant. When he arrived, he noticed defendant's pupils were dilated. From Elza's training, he recognized that dilated pupils could indicate the use of a controlled substance. Defendant was outside of the vehicle and could stand without any signs of unsteadiness. Defendant answered all the questions that were asked.

¶ 6        Deputy Anna Glowinke testified that she was dispatched to the traffic stop to perform a search incident to arrest. During the search, Glowinke found a baggie with a white pill fragment inside defendant's brassiere. Glowinke could not identify the pill. Glowinke testified that she could smell the odor of alcohol on defendant during the search.

¶ 7        Detective Jordan Lane testified that he performed the traffic stop on defendant after he observed her use her cell phone at a stoplight, pause a few seconds before proceeding, and then cross the center line more than once while he was following her. After effectuating the stop, Lane described defendant's pupils as "pinpoint" and stated that in his experience this indicated the use of narcotics. He testified that defendant was slow to respond to questions. Defendant also had difficulty when providing her identification and proof of insurance. When she first attempted to pass Lane her Illinois identification card through the half open driver's side window, she

struck the window twice as if she was trying to pass the card through the glass. Defendant also dropped her cell phone while attempting to find her insurance information on it and continued to attempt to swipe her finger across the screen even though the phone was no longer in her hand.

¶ 8　　　　After observing this behavior, Lane asked defendant to step out of the vehicle. Lane observed defendant remove the keys from the ignition before exiting her vehicle. He then asked if she would perform field sobriety tests, which she declined. Lane testified that he did not detect the odor of an alcoholic beverage on defendant or in her vehicle but that he could later smell a faint odor of an alcoholic beverage after she had been in his squad car. Defendant later accused the officers at the scene of withholding her keys from her even after Lane told her that he saw her remove them from the vehicle.

¶ 9　　　　A video recording of the traffic stop was admitted into evidence that showed defendant's slowed speech and movements. Additionally, the State admitted a video recording of defendant in the backseat of the squad car while officers searched her vehicle. While in the backseat, defendant appeared to be talking to herself, and after some time, she reached down the front of her coat, pulled out a small item, and put it into her mouth.

¶ 10　　　　All three officers testified that they were not drug recognition experts and that their assessments that defendant was under the influence was based on their individual experiences.

¶ 11　　　　The circuit court found defendant guilty of DUI/drugs and not guilty of DUI/alcohol and DUI/drugs and alcohol. Defendant filed a motion to reconsider, which the court denied. Defendant was sentenced to 24 months' conditional discharge. The court used a form sentencing order, which stated defendant could not possess a firearm while on conditional discharge. Defendant appeals.

¶ 12　　　　　　　　　　　　　　　　　II. ANALYSIS

3

¶ 13                          A. Sufficiency of the Evidence

¶ 14            Defendant argues that the State failed to prove her guilty beyond a reasonable doubt of

DUI/drugs. In a challenge to the sufficiency of the evidence, we will not retry defendant. *People*

*v. Collins*, 106 Ill. 2d 237, 261 (1985). " '[T]he relevant question is whether, after viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.*

(quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). All reasonable inferences in favor of

the State are allowed but unreasonable or speculative inferences are not permissible. *People v.*

*Cunningham*, 212 Ill. 2d 274, 280 (2004). When evaluating the sufficiency of the evidence, we

will defer to the trier of fact on matters of witness credibility, or the weight afforded to each

witness's testimony. *People v. Carraro*, 67 Ill. App. 3d 81, 85 (1979).

¶ 15            To sustain a conviction for DUI/drugs, the State needed to prove beyond a reasonable

doubt that defendant (1) drove or was in actual physical control of a vehicle, and (2) was "under

the influence of any other drug or combination of drugs to a degree that renders the person

incapable of safely driving." 625 ILCS 5/11-501(a)(4) (West 2018). Circumstantial evidence

alone may suffice to prove defendant guilty. *People v. Diaz*, 377 Ill. App. 3d 339, 345 (2007).

Intoxication is a question for the trier of fact to resolve by assessing the credibility of witnesses

and sufficiency of the evidence. *People v. Janik*, 127 Ill. 2d 390, 401 (1989). If the arresting

officer provides credible testimony, scientific proof of intoxication is unnecessary. *People v.*

*Gordon*, 378 Ill. App. 3d 626, 632 (2007). "The weight to be given to witnesses' testimony, the

witnesses' credibility, and the reasonable inferences to be drawn from the evidence, are all the

responsibility of the fact finder." *People v. Milka*, 211 Ill. 2d 150, 178 (2004).

¶ 16        Here, Lane's observations demonstrated that defendant was under the influence of drugs. Lane observed defendant cross the center line of the roadway on more than one occasion. Once he initiated the traffic stop, Lane noticed defendant's slowed speech, dilated pupils, and that she had difficulty providing her identification when, on two occasions, she attempted to pass it through a half closed window. Defendant also exhibited odd behavior in attempting to retrieve information from her cell phone, even after she had dropped it. Further, defendant refused to submit to field sobriety tests and chemical testing. See *People v. Morris*, 2014 IL App (1st) 130152, ¶ 20 (refusal to submit to chemical testing may show a consciousness of guilt). Finally, defendant accused the police officers of withholding her keys from her when she clearly had removed the keys from the car. Based on this evidence, a rational trier of fact could reasonably have inferred that defendant's erratic driving, slow speech, odd behavior, and poor coordination stemmed from being intoxicated. Moreover, Elza testified to defendant's behavior and appearance, corroborating Lane's observations. Even in the absence of field sobriety tests and drug testing, given the credible testimony from two police officers, including testimony that pills were found on defendant in a place that one would not normally store any medication and video evidence of her seemingly ingesting pills while in the squad car, scientific proof of intoxication was unnecessary to sustain defendant's conviction for DUI/drugs. See *Gordon*, 378 Ill. App. 3d at 632. Thus, the State met its burden to prove defendant guilty beyond a reasonable doubt of DUI/drugs.

¶ 17                                B. Sentence

¶ 18        Defendant argues the circuit court abused its discretion in ordering her to refrain from possessing a firearm as a condition of her conditional discharge when she was not convicted of an offense involving bodily harm.

¶ 19 "The trial court is afforded wide discretion in fashioning the conditions of probation for a particular defendant," and such conditions will not be reversed absent a finding the court abused its discretion. *People v. Meyer*, 176 Ill. 2d 372, 378 (1997). We will not find an abuse of discretion unless the court's sentencing decision is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 26. Under section 5-6-3(b)(19) of the Unified Code of Corrections, a court may require a defendant to refrain from possessing a firearm or other dangerous weapon, even if the underlying offense did not involve bodily harm. 730 ILCS 5/5-6-3(b)(19) (West 2018).

¶ 20 Defendant first contends that the condition was arbitrary as it was preprinted on the conditional discharge order for general use, indicating that the court has a blanket policy to impose this condition for every sentence. However, defendant does not provide any authority that demonstrates that the court may not alter form orders to remove or add conditions when this is in fact a common occurrence. Moreover, the absence of any amendments to defendant's sentencing order does not establish the court was acting arbitrarily in choosing not to remove a condition it was statutorily permitted to impose. See *id.*

¶ 21 Defendant also argues that the court abused its discretion because there is no reasonable basis for imposing such a restriction on defendant and provided no reasoning for it on the record. The court is not required to provide its reasoning behind specific conditional discharge conditions unless asked to do so at sentencing. *People v. Meeks*, 81 Ill. 2d 524, 534 (1980). Further, any opportunity for such an explanation is waived if defendant does not request it at sentencing. *People v. Burke*, 136 Ill. App. 3d 593, 608 (1985). The record contains no indication that the imposition of the condition to refrain from possessing a firearm while on conditional

6

discharge is unreasonable, as it is both permitted by statute and defendant failed to request an explanation for it at sentencing. Thus, we conclude that the court did not abuse its discretion by imposing the condition that defendant not possess a firearm for the duration of her conditional discharge.

¶ 22                                III. CONCLUSION

¶ 23        The judgment of the circuit court of Will County is affirmed.

¶ 24        Affirmed.